IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LOUIS BOWIE, )
)
        Petitioner, )
)
v. ) Case No. 06-CV-0697-CVE-PJC
)
JUSTIN JONES, )
)
        Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate who filed his petition (Dkt. #1) and appears *pro se*. Respondent filed a response (Dkt. # 9) to the petition and provided the state court record (Dkt. # 9, 10, 11) for the Court's use in resolving the claims raised in the petition. Petitioner filed a reply (Dkt. # 12) to the response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus should be denied.

## *BACKGROUND*

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts as found by the state court are presumed correct. Following review of the record, including the trial transcripts, this Court finds that the factual summary provided by the Oklahoma Court of Criminal Appeals ("OCCA") in its order resolving Petitioner's direct appeal is adequate and accurate. The OCCA summarized the facts, as follows:

> On December 6, 2003, Tulsa Police Officer Mike Helton responded to a dispatch call that reported illegal drug sales occurring in the parking lot of the Kendall Whittier apartment complex. The initial call was made by a 14-year old girl living at the complex whose family routinely reported drug activity at the apartments to the police. After receiving the dispatch, Helton called the girl on his cell phone so that the girl could describe the events that were transpiring outside the apartment complex in "real time" instead of having the lag time that occurs when information goes through dispatch. The girl translated into English what her father was

> witnessing and communicating to her in Spanish concerning the transactions in the parking lot. The girl indicated to Helton that the person who was selling drugs was wearing a dark green hooded sweatshirt, a dark colored jean jacket, dark jean pants, and an orange baseball hat. When Helton arrived at the apartments, he saw a black male crossing the street that fit the description that the girl had given him. Helton soon identified this person as Louis Bowie. After crossing the street, Bowie hid behind a tree and Officer Helton shined a spotlight on him. Helton exited his cruiser and asked Bowie to approach him. Bowie reluctantly complied and Helton noticed that during questioning Bowie was extremely agitated, nervous, and sweating despite the winter temperatures. Backup Officer Felicia Gossett arrived while Helton was questioning Bowie and she searched around the tree where Bowie had been standing and found two baggies containing over 3.36 grams of a rock-like substance that tested positive for crack cocaine.

See Dkt. # 9, Ex. 3.

As a result of those events, Petitioner Louis Bowie was charged with Unlawful Possession of a Controlled Drug (Crack Cocaine) With Intent to Distribute, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2003-5634. At the conclusion of a bifurcated jury trial, Petitioner was found guilty as charged. On August 23, 2004, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to thirty (30) years imprisonment. At trial, Petitioner was represented by attorney Jack Winn.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Katrina Conrad-Legler, raised the following four (4) propositions of error:

> I: The trial evidence was insufficient to support Mr. Bowie's conviction of Possession of a Controlled Dangerous Substance (cocaine) With the Intent to Distribute.
>
> II: Prosecutorial misconduct deprived Mr. Bowie of a fair trial and resulted in an excessive sentence.
>
> III: Mr. Bowie's sentence is excessive.
>
> IV: The cumulative effect of all the errors addressed above deprived Appellant of a fair proceeding.

(Dkt. # 9, Ex. 1). On January 24, 2006, in Case No. F-2004-883, the OCCA found no merit to Petitioner's claims. For that reason, the state appellate court affirmed the Judgment and Sentence of the trial court. Dkt. # 9, Ex. 3. Petitioner did not file a petition for writ of *certiorari* at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

On December 28, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner identifies the same four (4) grounds of error raised in his state direct appeal. He asserts that the OCCA's decision denying relief was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. See Dkt. # 1. Respondent filed a response (Dkt. # 9) to the petition and asserts that under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner's claims, as raised in the petition, were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, the claims shall be reviewed pursuant to § 2254(d).

*1. Insufficient evidence (ground 1)*

As his first proposition of error, Petitioner argues that the State presented insufficient evidence to support his conviction for Unlawful Possession of a Controlled Drug (Crack Cocaine) With Intent to Distribute. The OCCA rejected this claim on direct appeal, finding as follows:

> This Court will not disturb a conviction for insufficient evidence if, after reviewing the evidence in a light most favorable to the State, a rational trier of fact could have found every essential element of the offense beyond a reasonable doubt. *Garrison v. State*, 2004 OK CR 35, ¶ 61, 103 P.3d 590, 603. This Court accepts all reasonable inferences and credibility choices that tend to support the jury's verdict. *Id.*
> The record shows the state sufficiently proved through circumstantial evidence that Bowie constructively possessed the cocaine found in this case. A rational jury could have found that Bowie possessed the crack with the intent to distribute and dropped it behind the tree when Officer Helton arrived.

(Dkt. # 9, Ex. 3 (footnote omitted)). In rejecting Petitioner's claim, the OCCA specifically addressed Petitioner's challenges to the evidence identifying him as the drug seller and to the admissibility of the father's testimony concerning the nature and mechanics of drug dealing. Id.

4

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of

5

the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of Possession of Controlled Drug With Intent to Distribute applicable to the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n.16. Under Oklahoma law, Petitioner could not be convicted of Possession of Controlled Drug With Intent to Distribute unless the State proved beyond a reasonable doubt the following elements: (1) knowing and intentional, (2) possession, (3) of the controlled dangerous substance of crack cocaine, (4) with an intent to distribute the crack cocaine. See Okla. Stat. tit. 63, § 2-401(A)(1); see also OUJI-CR 2d 6-4.

In his state direct appeal brief, see Dkt. # 9, Ex. 1, Petitioner argued that the only element not at issue was that the baggies found behind the tree contained crack cocaine. His challenge to the sufficiency of the evidence focused on two aspects of the State's case: (1) that the State's circumstantial case was not strengthened by the identification of Petitioner by Rosa Perez because she did not personally observe Petitioner selling drugs, and (2) that the State failed to prove a nexus between the drugs found abandoned behind a tree and Petitioner. The OCCA found that even without Rosa Perez's identification of Petitioner, the evidence was sufficient to support the conviction. See Dkt. # 9, Ex. 3. This Court agrees. Edwardo Perez testified at trial that he saw a black man wearing a green sweatshirt, dark jeans, and an orange hood selling drugs to others outside

his window. See Dkt. # 11, Tr. Trans. at 293. In addition, he confirmed that Officer Helton arrested the man he saw selling drugs that evening. Id. at 295. The man arrested by Officer Helton was Petitioner. Id. at 258. Thus, Edwardo Perez's testimony was sufficient to identify Petitioner as the man selling drugs outside his apartment on the night of December 6, 2003.

The OCCA further determined that, consistent with Oklahoma law, Okla. Stat. tit. 12, § 2701 (Supp. 2002), Edwardo Perez's testimony was "an admissible lay opinion rationally based on his perception; it was helpful to a clear understanding of his testimony."[1] See Dkt. # 9, Ex. 3 at 4. The OCCA also found sufficient circumstantial evidence to support the conclusion that Petitioner "possessed the crack with the intent to distribute and dropped it behind the tree when Officer Helton arrived." Id. at 3. Again, the Court agrees with the OCCA. Officer Helton testified that as he approached the apartments, he saw a man matching Rosa Perez's description of the man selling drugs walk across the street and stand behind a tree. See Dkt. # 11, Tr. Trans. at 245-46. The man appeared to be trying to hide. Id. at 251. When Officer Helton asked the man, later identified as Petitioner, to come over to talk to him, the man complied but with reluctance. Id. at 257. He was nervous, agitated, and sweaty. Id. 259. Two baggies containing crack cocaine were subsequently found near the tree where Petitioner had stood. Id. at 261-63, 344.

The Court concludes that the evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of Possession of a Controlled Drug (Crack Cocaine) With Intent to Distribute beyond a reasonable

---

[1] To the extent Petitioner challenges the OCCA's determination that the testimony was admissible under state law, the claim is not cognizable because a purported error of state law does not support habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).

doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). The Court finds habeas corpus relief shall be denied on this claim.

### 2. *Prosecutorial misconduct (ground 2)*

As his second ground of error, Petitioner alleges that prosecutor made improper comments during her second stage closing argument. On direct appeal, he complained that Ms. Asai referred to his prior sentences "with improper detail" and served to "inflame[] the jury with societal alarm and resulted in an excessive sentence." See Dkt. # 9, Ex. 1. Specifically, Petitioner complained of the following comments:

> Ladies and gentlemen, I would submit to you that the defendant's punishment for the crime of possession of a controlled drug with the intent to distribute should be not less than 30 years.
>
> If you look at these judgment and sentences, ladies and gentlemen, you have before you an individual who does not learn from his past behavior. He continues to commit crimes. In fact, in this case he has continued to commit a crime, the same crime that he was convicted of back in 1996. Then it was just possession of a controlled drug. You have found him guilty of possession of a controlled drug and he has advanced that now where he is going to possess it with the intent to distribute it to other people, to other citizens of Tulsa County.
>
> If you also – if you look at CF-96-4388, you will see that this is an order that revokes a suspended sentence. This defendant, when he was convicted of this offense, was given a suspended sentence, an opportunity to follow the rules and conditions that were set forth by a court, the rules and conditions that were set forth by our society as a whole and that is, Do [sic] not – do not go out and commit more crime. Do not violate the conditions and orders of the court.

> And this judgment and sentence tells you that this defendant had no regard, one, for the orders of the Court and, more importantly, no regard for the laws of the State of Oklahoma.
>
> After being given the opportunity to fly right, to follow that straight and narrow, this defendant chose not to and as a result, his suspended sentence for possession of a controlled drug was revoked and he was sentenced to the Department of Corrections. He was sentenced to prison.

See Dkt. # 9, Ex. 1 at 18-19 (citing Tr. Trans. at 405-06); Dkt. # 12 at 12-13.

> And basically three years from the time that this case was filed and while he was still on probation, because his sentence was 56 months, if you will recall, Louis Jay Bowie has in his possession a firearm because the laws of the State of Oklahoma don't mean anything to Louis J. Bowie. The orders of the Court no not mean anything to Louis J. Bowie. He ignores them.

See Dkt. # 9, Ex. 1 at 19 (citing Tr. Trans. at 407-08); Dkt. # 12 at 13. Defense counsel lodged no objection to those comments. Therefore, the OCCA reviewed for plain error and found the claim to be without merit.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due-process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of

9

law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991)). Because the OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test. Id. (citing 28 U.S.C. § 2254(d)). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

Petitioner is not entitled to habeas corpus relief on this claim because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. Even if the prosecutor's comments could be characterized as an appeal to societal alarm, they do not rise to the level of a due process violation. "While improper appeals to societal alarm and requests for vengeance for the community to set an example are unwarranted, they are also not the type of comments that the Supreme Court has suggested might amount to a due process violation." Brecheen v. Reynolds, 41 F.3d 1343, 1356 (10th Cir. 1994) (quotation omitted); see also Jones v. Gibson, 206 F.3d 946, 959 (10th Cir. 2000). Additionally, in light of the ample evidence in the record of Petitioner's guilt, see Fero, 39 F.3d at 1474, the Court finds that the prosecutor's comments did not result in a deprivation of due process. Lastly, because the jury recommended a sentence within the range of sentencing allowed by Oklahoma law, the Court cannot find that the prosecutor's comments contributed to excessive sentences. Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

### 3. *Excessive sentence (ground 3)*

As his third ground of error, Petitioner complains that his sentence is excessive. On direct appeal, the OCCA confirmed that Petitioner's sentence is within the statutory range, noted that the

jury considered his three prior felony convictions, and found that his "sentence is not so excessive as to shock the conscience of this Court." See Dkt. # 9, Ex. 3.

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. A federal habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Habeas corpus review generally ends "once we determine the sentence is within the limitation set by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on his conviction for Possession of a Controlled Drug With Intent to Distribute, After Former Conviction of Two or More Felonies, was life imprisonment. See Okla. Stat. tit. 63, § 2-401(B)(1); Okla. Stat. tit. 21, § 51.1(C). The thirty (30) year sentence received by Petitioner was within the statutory range provided by Oklahoma law.

In his reply to Respondent's response, see Dkt. # 12, Petitioner argues for the first time that his sentence violates the Eighth Amendment. That claim has not been presented to the OCCA and is unexhausted. Nonetheless, a habeas claim may be denied on the merits, notwithstanding an applicant's failure to exhaust state remedies. See 28 U.S.C. § 2254(b)(2). A sentence violates the Eighth Amendment only if it is "grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003) (quoting Rummel v. Estelle, 445 U.S. 263, 271 (1980)). But "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 77 (2003). This is not that case. As discussed above,

Petitioner's sentence clearly did not exceed the statutory maximum punishment, which was life imprisonment. See Okla. Stat. tit. 21, § 51.1(C). The length of Petitioner's sentence was due, in large part, to the fact that he had previously been convicted of multiple felonies. His sentence was not grossly disproportionate to the severity of the crime in violation of the Eighth Amendment. The Court finds no basis for habeas corpus relief on Petitioner's excessive sentence claim.

### 4. Cumulative error (ground 4)

As his fourth proposition of error, Petitioner asserts that the cumulative effect of trial errors deprived him of a fair trial. See Dkt. # 1. The OCCA rejected this claim, citing Fitzgerald v. State, 61 P.3d 901, 905 (Okla. Crim. App. 2002), and finding that "Bowie has failed to prove error in Propositions I through III and no relief is required under cumulative error analysis." See Dkt. # 9, Ex. 3.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law. Petitioner is not entitled to relief on this ground.

## CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

**DATED** this 4th day of March, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT